In an action by a municipality for foreclosure of stale tax liens, un.der title 3 of article VII-A of the Tax Law, resettled order of the County Court, Westchester County, granting the owner’s motion to relieve him from default in appearing and answering, and denying his motion to compel the city to accept tender of the amount due, modified on the law and the facts by striking out of the order, as resettled, (a) the first ordering paragraph in its entirety, and (b) the word “ other ” in the second ordering paragraph. As thus modified the order, insofar as appealed from, is affirmed, without costs. It was error to relieve respondent-appellant of his default in redeeming or answering. Upon the expiration of the time prescribed by the statute. (Tax Law, § 165 et seq.) for redemption and answer, the rights of the parties, in view, of the provisions of section 165-a of the Tax Law, became fixed and unalterable. The latter section is in the nature of a statute of limitations and precludes the court from extending respondent-appellant’s time to answer or redeem and from opening his default upon his failure so to do within the time prescribed. Hagarty, Acting P. J., Adel and Sneed, JJ., concur; Carswell, J., dissents and votes to modify the order by providing that the opening of defendant’s default in pleading and permitting him to interpose an answer be upon, terms, to wit,, payment of the amount of the unpaid taxes, interest, penalties and costs, and, as thus modified, votes to affirm the order, without costs, with the following-memorandum: The case has not gone to judgment and rights of third parties have not intervened. The action being in equity, the defendant may be excused from his default in pleading where it appears to have been due to excusable neglect or error (Civ. Prae. Act, § 108), upon just terms. The terms which it is suggested should be imposed make the plaintiff whole in liquid form. The purpose of the tax statutes is to enforce the payment of taxes, but such statutes should not be used or perverted in their use to enable the taxing authority to speculate in real property at the expense of the property owner. Nolan, J., dissents and rotes to affirm the order.